UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **Renee Buddle,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| **Goldman Sachs Bank USA** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Comes now the Plaintiff, Renee Buddle, by counsel, and hereby files this Complaint Seeking Damages for Violations of the Fair Credit Reporting Act in the above-captioned action and, in support thereof, states as follows:

**Preliminary Statement**

1. This is an action for actual, statutory, and punitive damages, costs and attorney fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter referred to as the "FCRA").

**Jurisdiction & Venue**

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681, et seq., and 28 U.S.C. §1331 and 15 U.S.C. §1681, et seq.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Parties**

4. Renee Buddle (hereinafter "Plaintiff") is an individual who was at all relevant times was residing in the County of Delaware in the State of Pennsylvania.

5. At all relevant times herein, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. Upon information and belief, Goldman Sachs Bank USA (hereinafter "Defendant"), is a corporation incorporated under the laws of the State of New York and authorized to do business in the State of Pennsylvania. Defendant conducts business at 200 West Street, New York, NY 10282. *See Exhibit "1"*.

7. Upon information and belief, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## Allegations

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

*Mrs. Buddle's Bankruptcy*

9. On or about May 24, 2022, Plaintiff filed a chapter 7 bankruptcy case in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. *See Exhibit "2"*.

10. Defendant was listed as an unsecured creditor on Schedule F of Plaintiff's chapter 7 bankruptcy case.

11. On May 26, 2022, the Bankruptcy Noticing Center sent via Electronic Data Interchange (EDI), the Notice(s) of Bankruptcy regarding Plaintiff's chapter 7 bankruptcy case to Defendant. *See Exhibit "3"*.

| **Recipient ID** | **Notice Type:  Email Address** |
|---|---|
| 14693322 | + EDI: GSBankElectronicBankruptcyNotice@gs.com |
| **Date/Time** | **Recipient Name/Address** |
| May 26, 2022 / 00:03:00 | GS BANK USA, LOCKBOX 6112, PO BOX 7247, PHILADELPHIA, PA 19170-0001 |

| **Recipient ID** | **Notice Type:  Email Address** |
|---|---|
| 14693320 | + EDI: GSBankElectronicBankruptcyNotice@gs.com |
| **Date/Time** | **Recipient Name/Address** |
| May 26, 2022 / 00:03:00 | GS BANK USA, LOCKBOX 6112, PO BOX 7247, PHILADELPHIA, PA 19170-0001 |

12. Upon information and belief, shortly after May 26, 2022, Defendant received the aforementioned Notice(s) of Bankruptcy regarding Plaintiff's chapter 7 bankruptcy case. *See Exhibit "3"*.

13. On or after May, 2022, Defendant reported the Plaintiff's bankruptcy filing to Experian, Inc. and included the following language in its account tradeline: *"Status – Discharged through Bankruptcy Chapter 7." See Exhibit "4"*.

14. During Plaintiff's bankruptcy case, Plaintiff did not reaffirm the debt to Defendant.

15. On September 1, 2022, the U.S. Bankruptcy Court issued the discharge of Plaintiff's debts. *See Exhibit "5"*.

16. On September 2, 2022, the Bankruptcy Noticing Center sent via Electronic Data Interchange (EDI), the Order(s) of Discharge to Defendant. This discharge extinguished Plaintiff's liability to Defendant and it terminated the debtor-creditor relationship between Plaintiff and Defendant. *See Exhibit "5"*.

| Recipient ID | Notice Type: Email Address |
|---|---|
| 14693322 | + EDI: GSBankElectronicBankruptcyNotice@gs.com |
| **Date/Time** | **Recipient Name/Address** |
| Sept 2, 2022 / 23:47:00 | GS BANK USA, LOCKBOX 6112, PO BOX 7247, PHILADELPHIA, PA 19170-0001 |

| Recipient ID | Notice Type: Email Address |
|---|---|
| 14693320 | + EDI: GSBankElectronicBankruptcyNotice@gs.com |
| **Date/Time** | **Recipient Name/Address** |
| Sept 2, 2022 / 23:47:00 | GS BANK USA, LOCKBOX 6112, PO BOX 7247, PHILADELPHIA, PA 19170-0001 |

17. Upon information and belief, shortly after September 2, 2022, Defendant received the notice of Plaintiff's discharge. *See Exhibit "4"*.

18. After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not incurred any new debts with Defendant.

19. After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not applied for any new loans with Defendant.

20. After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not had any personal business relationships with Defendant.

21. Given the facts above, Defendant had no reason to believe that Plaintiff owed a debt to it.

*The September 28, 2022 Impermissible Pull of Mrs. Buddle's Personal Credit Report*

22. On or about September 28, 2022, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Experian a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f). *See Exhibit "6"*.

*The November 18, 2022 Impermissible Pull of Mrs. Buddle's Personal Credit Report*

23. On or about November 18, 2022, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Experian a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f). *See Exhibit "7"*.

24. The Defendant had no permissible purpose for procuring the Plaintiff's consumer credit report, yet it falsely certified to Experian & Transunion that it had a permissible purpose. In re

Nickelodeon v. Consumer Privacy Litigation, 827 F.3d 262, 274 (3d Cir. 2016)(Congress has long provided plaintiffs with the right to seek redress for unauthorized disclosure of information that, in Congress's judgment, ought to remain private.

25. After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has never given Defendant permission to access her private individual and personal credit report. The FCRA clearly establishes that users of consumer reports are under an unequivocal duty to only obtain and use consumer reports for permissible purposes, and that they are subject to liability if they obtain or use consumer reports for impermissible purposes.

26. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's private individual and personal credit report impermissibly. In re Horizon Healthcare Servs. Inc., 846 F.3d 625, 641 (3d Cir. 2017)(holding that the improper disclosure of one's personal data in violation of FCRA is a cognizable injury for Article III standing purposes.

27. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's private individual and personal credit report without a legitimate business reason to do so.

28. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's private individual and personal credit report without first informing Plaintiff of its intent to do so.

29. When Defendant accessed Plaintiff's private individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

30. When Defendant accessed Plaintiff's private individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her private personal and individual credit accounts.

31. When Defendant accessed Plaintiff's private individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

32. When Defendant accessed Plaintiff's private individual and personal credit report, Plaintiff's private financial information was published to Defendant.

33. When Defendant accessed Plaintiff's private individual and personal credit report, unknown employees, representatives and/or agents of Defendant viewed Plaintiff's private financial information.

34. When Defendant accessed Plaintiff's private individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses, date of birth, employment history, and telephone numbers among other information.

*Governing Law*

35.     Under the FCRA, 15 U.S.C. § 1681a et seq., a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose. The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b.

36.     Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency. "[W]ith the passage of the FCRA, Congress established that the unauthorized dissemination of personal information by a credit reporting agency causes an injury in and of itself —whether or not the disclosure of that information increased the risk of identity theft or some other future harm." In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625, 639 (3d Cir. 2017).

37.     Under 15 U.S.C. § **1681q,** it is unlawful for any person to knowingly and willfully obtain information on a consumer from a consumer reporting agency under false pretenses. The text of § 1681q states: "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both." The FCRA is intended to safeguard against the improper disclosure of a credit report. The FCRA clearly establishes that users of consumer reports are under an unequivocal duty to only obtain and use consumer reports for permissible purposes, and that they are subject to liability if they obtain or use consumer reports for impermissible purposes.

38.     Defendant used and obtained Plaintiff's credit report in violation of 15 U.S.C. § 1681b(f). Defendant had no permissible purpose in obtaining the credit reports of the Plaintiff as she had recently completed a Chapter 7 bankruptcy case that discharged the debt that Defendant was attempting to collect. Plaintiff's alleged injury stems from the dissemination of "personal information" to unauthorized third parties. The unauthorized disclosure of personal information satisfies the injury-in-fact's concreteness requirement. In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 638–41 (3d Cir. 2017); accord St. Pierre v. Retrieval-Masters Creditors Bureau, Inc., 898 F. 3d 351, 357 (3d Cir. 2018).

39.     Plaintiff's injury in fact is the invasion of a concrete and particularized legally protected interest. The Supreme Court's TransUnion decision similarly recognized that "[v]arious intangible harms can also be concrete," including reputational harms, disclosure of private information, and intrusion upon seclusion. TransUnion v. Ramirez, 141 S. Ct. 2190, 2204 (2021).

40.     The text of § 1681b(f) unambiguously states: "A person **shall not** use or obtain a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section and the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification. "It is "a cardinal principle of statutory construction"that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001)(quoting Duncan v. Walker, 533 U.S. 167, 174 (2001).

41. "Indeed, the Third Circuit concluded that the unauthorized dissemination of private information is 'the very injury that FCRA is intended to prevent,' and, as a result, '[t]here is ... a de facto injury that satisfies the concreteness requirement for Article III standing.'" St. Pierre v. Retrieval-Masters Retrieval-Masters, Inc., No. 15-2596, 2017 WL 1102635, at *4, 2017 U.S. Dist. LEXIS 42875, at *12 (D.N.J. Mar. 24, 2017) (quoting In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d at 640).

42. Consistent with its pattern and practice, Defendant wrongfully obtained the credit report of Plaintiff after Plaintiff's bankruptcy was discharged in its attempt to collect a debt. Defendant had no permissible purpose under 15 U.S.C. § 1681b for obtaining the credit report of the Plaintiff.

43. Plaintiff suffered damage to her privacy when Defendant impermissibly obtained and used her consumer reports. Impermissible access is one of the most egregious forms of invasion of privacy because it means the privacy violator is obtaining personal data for a purpose not authorized by law. Thus, the violator is accessing data which was supposed to remain confidential and which it was never supposed to obtain. Myers v. Bennett Law Offices, 238 F. 3d 1068, 1074 (9th Cir. 2001)(The FCRA is intended to safeguard against the improper reporting of information on a credit report (either by the credit reporting agency or by the furnisher of credit information) and against the improper disclosure of a credit report.

44. In connection with its practice of obtaining credit reports of consumers in its attempts to collect debts, the Defendant acts willfully, knowingly, and in conscious disregard for the FCRA rights of the Plaintiff. "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009).

45. As a result of the Defendant's willful practice of violating the FCRA, the Defendant is liable under 15 U.S.C. § 1681n for punitive damages in an amount sufficient to deter the Defendant from engaging in this kind of illegal practice in the future.

46. As a result of the Defendant's willful practice of violating the FCRA, the Defendant shall pay actual damages and statutory damages to the Plaintiff.

47. Defendant's conduct, as delineated above, constitutes a violation of 15 U.S.C. §1681b(f)(1).

48. As a direct and proximate result of Defendant's conduct as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future all to Plaintiff's great detriment and loss.

## COUNT I – FAIR CREDIT REPORTING ACT

49. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

50. Defendant willfully and negligently failed to comply with the requirements of FCRA sections 1681b by obtaining a consumer report without a permissible purpose, in violation of FCRA sections 1681n and 1618o.

51. Defendant willfully and negligently failed to comply with the requirements of FCRA sections 1681q by knowingly and willfully obtaining information on a consumer from a consumer reporting agency under false pretenses and without a permissible purpose, in violation of FCRA sections 1681n.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Renee Buddle demands judgment against Defendant Goldman Sachs Bank USA for the following:

A. Declaratory judgment that Defendant violated the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

**DUNNE LAW OFFICES, P.C.**

Date: June 19, 2023

/s/ *Stephen M. Dunne*
STEPHEN M. DUNNE
PA Attorney ID: 208838
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Tel: 215- 551-7109
Email: stephen@dunnelawoffices.com
Attorney for Plaintiff