UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE BUDDLE,<br><br>  Plaintiff,<br><br> v.<br><br>GOLDMAN SACHS BANK USA,<br><br>  Defendant. | :<br>:<br>:<br>:<br>: Case No. 2:23-cv-02334-GEKP<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT GOLDMAN SACHS BANK USA N.A. TO COMPLAINT**

  Defendant Goldman Sachs Bank USA ("GS Bank"), hereby answers the Complaint (the "Complaint"), filed by plaintiff Renee Buddle ("Plaintiff"), as follows:

**PRELIMINARY STATEMENT**

  1. Answering Paragraph 1 of the Complaint, GS Bank states that Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), but GS Bank denies that it violated the FCRA, denies any liability to Plaintiff, and denies that Plaintiff is entitled to any relief whatsoever.

**JURISDICTION AND VENUE**

  2. Answering Paragraph 2 of the Complaint, GS Bank does not challenge the jurisdiction of this Court for purposes of this action only, but GS Bank denies that Plaintiff has sufficiently alleged any such claim, denies any liability to Plaintiff under the FCRA, and denies that Plaintiff is entitled to any relief whatsoever. GS Bank further states that Plaintiff's claims

may be subject to binding arbitration and GS Bank specifically reserves, and does not waive, the right to compel arbitration of such claims.

3.  Answering Paragraph 3 of the Complaint, GS Bank does not challenge venue for purposes of this action only, but GS Bank denies that Plaintiff has sufficiently alleged any such claim, denies any liability to Plaintiff, and denies that Plaintiff is entitled to any relief whatsoever. GS Bank further states that Plaintiff's claims may be subject to binding arbitration and GS Bank specifically reserves, and does not waive, the right to compel arbitration of such claims.

**PARTIES**

4.  Answering Paragraph 4 of the Complaint, GS Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, on that basis, denies the allegations contained therein.

5.  Answering Paragraph 5 of the Complaint, GS Bank states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that FCRA speaks for itself and GS Bank denies any allegations inconsistent therewith.

6.  Answering Paragraph 6 of the Complaint, GS Bank states that it is a New York State-chartered bank with its principal office in the State of New York. Except as expressly stated, GS Bank denies the remaining allegations contained within Paragraph 6.

7.  Answering Paragraph 7 of the Complaint, GS Bank states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that FCRA speaks for itself and GS Bank denies any allegations inconsistent therewith.

**ALLEGATIONS**

8. Answering Paragraph 8 of the Complaint, GS Bank states that this Paragraph contains no allegations directed to GS Bank and therefore no response is required. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that 15 U.S.C. § 1681a(d) speaks for itself and denies all allegations inconsistent therewith.

*Mrs. Buddle's Bankruptcy*

9. Answering Paragraph 9 of the Complaint, GS Bank states that the records relating to Plaintiff's Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania in the matter styled, In re William J Buddle III, et al., Case No. 22-bk-11221 (the "Bankruptcy Action") speak for themselves and GS Bank denies all allegations inconsistent therewith.

10. Answering Paragraph 10 of the Complaint, GS Bank states that the records relating to the Bankruptcy Action speak for themselves and GS Bank denies all allegations inconsistent therewith.

11. Answering Paragraph 11 of the Complaint, GS Bank states that the records relating to the Bankruptcy Action speak for themselves and GS Bank denies all allegations inconsistent therewith. Except as expressly stated, GS Bank denies the remaining allegations contained therein.

12. Answering Paragraph 12 of the Complaint, GS Bank states that its records reflect receipt of records relating to the Bankruptcy Action. Except as expressly stated, GS Bank denies the remaining allegations contained therein.

13. Answering Paragraph 13 of the Complaint, GS Bank states that its records reflect that it furnished information relating to the Bankruptcy Action in connection with Plaintiff's

account. Except as expressly stated, GS Bank knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, GS Bank states that the records relating to the Bankruptcy Action speak for themselves and GS Bank denies all allegations inconsistent therewith.

15. Answering Paragraph 15 of the Complaint, GS Bank states that the records relating to the Bankruptcy Action speak for themselves and GS Bank denies all allegations inconsistent therewith.

16. Answering Paragraph 16 of the Complaint, GS Bank states that the records relating to the Bankruptcy Action speak for themselves and GS Bank denies all allegations inconsistent therewith.

17. Answering Paragraph 17 of the Complaint, GS Bank states that its records reflect receipt of records relating to the Bankruptcy Action. Except as expressly stated, GS Bank denies the remaining allegations contained therein.

18. Answering Paragraph 18 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, on that basis, denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, GS Bank denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, GS Bank denies the allegations contained therein.

*The September 28, 2022 Impermissible Pull of Mrs. Buddle's Personal Credit Report*

22. Answering Paragraph 22 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the FCRA speaks for itself and denies all allegations inconsistent therewith.

*The November 18, 2022 Impermissible Pull of Mrs. Buddle's Personal Credit Report*

23. Answering Paragraph 23 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the FCRA speaks for itself and denies all allegations inconsistent therewith.

24. Answering Paragraph 24 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the case In re Nickelodeon v. Consumer Priv. Litig., 826 F.3d 262, 274 (3d Cir. 2016) speaks for itself and denies all allegations inconsistent therewith.

25. Answering Paragraph 25 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the FCRA speaks for itself and denies all allegations inconsistent therewith.

26. Answering Paragraph 26 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to

which no response is required.  To the extent a response is required, GS Bank states that the case In re Horizon Healthcare Servs. Inc., 846 F.3d 625, 641 (3d Cir. 2017) speaks for itself and denies all allegations inconsistent therewith.

27. Answering Paragraph 27 of the Complaint, GS Bank denies the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, GS Bank denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, GS Bank denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, GS Bank denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, GS Bank denies the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, GS Bank denies the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, GS Bank denies the allegations contained therein.

34. Answering Paragraph 34 of the Complaint, GS Bank denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, GS Bank states that this paragraph contains no allegations directed to GS Bank.  GS Bank further states that the allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response

is required, GS Bank states that FCRA speaks for itself and denies any allegations inconsistent therewith.

36. Answering Paragraph 36 of the Complaint, GS Bank states that this paragraph contains no allegations directed to GS Bank. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the case In re Horizon Healthcare Servs. Inc., 846 F. 3d 625, 641 (3d Cir. 2017) speaks for itself and denies all allegations inconsistent therewith.

37. Answering Paragraph 37 of the Complaint, GS Bank states that this paragraph contains no allegations directed to GS Bank. GS Bank further states that the allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that FCRA speaks for itself and denies any allegations inconsistent therewith.

38. Answering Paragraph 38 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the FCRA and the case law cited in this paragraph speak for themselves and GS Bank denies all allegations inconsistent therewith.

39. Answering Paragraph 39 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the case TransUnion v. Ramirez, 141 S. Ct. 2190, 2204 (2021) speaks for itself and denies all allegations inconsistent therewith.

40. Answering Paragraph 40 of the Complaint, GS Bank states that this paragraph contains no allegations directed to GS Bank. GS Bank further states that the allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the FCRA and the case law cited in this paragraph speak for themselves and GS Bank denies all allegations inconsistent therewith.

41. Answering Paragraph 41 of the Complaint, GS Bank states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the case St. Pierre v. Retrieval-Masters, Inc., No. 15-2596, 2017 WL 1102635, at *4 (D.N.J. Mar. 24, 2017) speaks for itself and denies all allegations inconsistent therewith.

42. Answering Paragraph 42 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the FCRA speaks for itself and denies all allegations inconsistent therewith.

43. Answering Paragraph 43 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the case Myers v. Bennett Law Offs., 238 F.3d 1068, 1074 (9th Cir. 2001) speaks for itself and denies all allegations inconsistent therewith.

44. Answering Paragraph 44 of the Complaint, GS Bank denies the allegations contained therein. GS Bank further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the case

Gelman v. State Farm Mut. Auto Ins. Co., 583 F. 3d 187, 191 (3d Cir. 2009) speaks for itself and denies all allegations inconsistent therewith.

45. Answering Paragraph 45 of the Complaint, GS Bank denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, GS Bank denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, GS Bank denies the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, GS Bank denies the allegations contained therein.

## COUNT I – FAIR CREDIT REPORTING ACT

49. Answering Paragraph 49 of the Complaint, GS Bank incorporates its responses to the allegations contained in Paragraphs 1 through 48, above, as if fully set forth herein.

50. Answering Paragraph 50 of the Complaint, GS Bank denies the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, GS Bank denies the allegations contained therein.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, GS Bank denies that it violated the FCRA and denies that Plaintiff is entitled to any damages or relief whatsoever, including, without limitation, actual damages, statutory damages, punitive damages, attorney's fees, costs, or any relief whatsoever from GS Bank.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, GS Bank asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Arbitration)**

Plaintiff's claims may be subject to binding arbitration pursuant to a valid and binding arbitration agreement and GS Bank specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to set forth facts sufficient to state a claim against GS Bank.

### THIRD AFFIRMATIVE DEFENSE

**(Ratification)**

Plaintiff ratified the conduct alleged in the Complaint and therefore is barred from recovery against GS Bank.

### FOURTH AFFIRMATIVE DEFENSE

**(Waiver)**

The Complaint, and each purported cause of action asserted therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights Plaintiff may or might have with respect to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each purported cause of action asserted therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute estoppel of the causes of action and any relief sought thereby.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff unreasonably has delayed taking action in connection with the alleged claims, causing substantial prejudice to GS Bank, and such claims therefore are barred pursuant to the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Setoff)

GS Bank alleges, that the claims of Plaintiff are subject to setoff and/or recoupment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment)

GS Bank is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if GS Bank is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries, and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-GS Bank parties, persons and entities, or the agents, servants and employees of such non-GS Bank parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Although GS Bank denies that Plaintiff suffered any damages, to the extent any damages have been suffered, Plaintiff failed to mitigate those damages and her claims therefore are barred, in whole or in part.

### TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is precluded from any recovery from GS Bank, or any such recovery must be reduced, as a result of Plaintiff's failure to do equity in the matters alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative/Contributory Negligence)

Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the alleged damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff, were proximately caused and contributed to by Plaintiff's own negligence.

### TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, such as consumer reporting agencies, and not any act or omission on the part of GS Bank.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Standing)

The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because Plaintiff lacks standing to pursue the alleged claims against GS Bank.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

GS Bank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, GS Bank requests the following relief:

(1)	That Plaintiff take nothing by virtue of the Complaint;

(2)	That the Complaint be dismissed with prejudice;

(3)	That judgment be entered against Plaintiff and in favor of GS Bank;

(4)	That GS Bank be awarded its attorneys' fees and costs incurred herein; and

(5)	For such other relief as the Court deems just and proper.

Dated:  July 19, 2023          MORGAN, LEWIS & BOCKIUS LLP

By:     */s/ Steven Strauss*
       Steven Strauss

Steven Strauss
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Email: steven.strauss@morganlewis.com

Attorneys for Defendant
    *Goldman Sachs Bank USA*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 19, 2023, a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GOLDMAN SACHS BANK USA TO COMPLAINT** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by U.S. Mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Steven Strauss*
Steven Strauss